UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GINA MELISSA SILONG and
LT. COL. RICHARD SILONG,
both individually and as next
friend of Paige Elise Silong,
their minor daughter,

      Plaintiffs

v.                                          Case No:    5:05-cv-55-Oc-10GRJ

UNITED STATES OF AMERICA,

      Defendant.

## ORDER[1]

Pending before the Court is Defendant's Motion For Change Of Venue. (Doc. 15.) Plaintiff filed a memorandum in opposition (Doc. 16) and Defendant filed supplemental authority. (Doc. 17.) For the reasons discussed below, Defendant's Motion For Change Of Venue (Doc. 15) is due to be **GRANTED**.

## I. BACKGROUND

Plaintiffs, Gina Melissa Silong and Lt. Col. Richard Silong filed this action against Defendant, the United States of America alleging medical malpractice arising from the delivery of their daughter, Paige Elise Silong, at the Naval Hospital at Lemoore Naval Air Station in Lemoore, California on October 20, 2001. Plaintiffs filed this action in the Middle District of Florida because, according to Plaintiffs, although they are currently

---

[1] A motion to transfer venue involves a non-dispositive pretrial matter, which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A). *See, e.g.* Shenker v. Murasky, 1996 WL 650974 (E.D.N.Y. 1996).

stationed at Holloman Air Force Base in Alamogordo, New Mexico, they are permanent residents of Mount Dora, Florida.[2] Notably, Plaintiffs do not contend they lived in Florida during the relevant time period, nor do they assert that their daughter has ever received medical treatment in Florida.

Defendant requests that the Court transfer venue to the United States District Court for the Eastern District of California, pursuant to Local Rule 1.02(c) and 28 U.S.C. §§ 1404(a) and 1406(a). Defendant argues that this action should be transferred to the Eastern District of California because it is "the division having the greatest nexus between where the claim arose, where the parties arise, and the proximity of the witnesses." Doc. 15, page 5.

## II. DISCUSSION

As a threshold matter, in its motion Defendant cites to both 28 U.S.C. §§1404(a)[3] and 1406(a).[4] However, other than citing 1406(a), Defendant does not argue that venue is improperly laid in the Middle District of Florida. Rather, Defendant contends that California is a more convenient forum and uses the §1404(a) framework to argue that the action should be transferred. Accordingly, the Court will analyze Defendant's motion under §1404(a).

---

[2] See Declarations of Gina Melissa Silong and Lt. Col. Richard J. Silong. Plaintiffs have filed numerous documents with the Court purportedly establishing that they are permanent residents of Florida -- i.e., declarations, drivers licenses, land deeds, etc.. See Exhibits to Doc. 16.

[3] Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

[4] Section 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

28 U.S.C. § 1404(a) provides in relevant part that: "[F]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The district court's discretion to decide a motion to transfer should be based on an individualized, case-by-case consideration of convenience and fairness."[5] The plaintiff's choice of forum should not be disturbed unless the movant can show that it is clearly outweighed by other considerations.[6] However, the plaintiffs' choice is accorded lesser weight where the choice of forum lacks any significant connection with the underlying claim.[7]

In deciding a motion to transfer, the Court must first determine whether the alternative forum is a proper venue and then whether the balance of convenience clearly weighs in favor of transfer. In so ruling, courts have not limited their consideration to the three enumerated factors in § 1404(a) but rather have considered other private interest factors such as: (1) the plaintiff's forum preference as manifested in the original choice, (2) the defendant's preference, (3) whether the claim arose elsewhere, (4) the convenience of the parties as evidenced by their relative physical and financial condition, (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and (6) the location of books and records, but only to the extent that the files could not be produced in the

---

[5] Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988).

[6] Robinson v. Giamarco, & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996).

[7] See Bell v. K Mart Corp., 848 F.Supp. 996, 1000 (N.D. Ga. 1994); Windmere Corp. v. Remington Products, Inc., 617 F.Supp. 8, 10 (S.D. Fla. 1985)

alternative forum.[8]  Public interests that courts have considered include: (1) the enforceability of the judgment, (2) practical considerations that could make the trial easy, expeditious or inexpensive, (3) the relative administrative difficulty in the two fora resulting from Court congestion; and (4) the local interest in deciding local controversies at home.[9]

Addressing first the issue of whether the Eastern District of California - the proposed transferee court - is one in which the action "might have been brought" the Court concludes there is no serious dispute on this issue.  The venue provisions of the Federal Tort Claims Act permit suit to be brought in the district where the Plaintiff resides or where the wrongful act or omission occurred.[10]  Thus, this action could have been filed in the Eastern District of California because that is where the alleged medical malpractice occurred.  Now, using the private and public interest factors enumerated above,  the Court must determine whether this action should be transferred to the Eastern District of California.

### A.     Situs of Alleged Medical Malpractice

It is undisputed that the alleged medical malpractice occurred at the Naval Hospital at Lemoore Naval Air Station which is located in the Eastern District of

---

[8] Jumara v. State Farm Insurance Co., 55 F.3d 873, 879 (3rd Cir. 1995); see also, Pilkington v. United Airlines, Inc., 855 F.Supp. 1248, 1250 (M.D. Fla. 1994)("Court considers factors such as: plaintiff's initial choice of forum, convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for witnesses, location of relevant documents, financial ability to bear the cost of the change, and all other practical problems that make trial of th case easy, expeditious and inexpensive.").

[9] Id.

[10] See 28 U.S.C. §1402(b).

California.  Moreover, other than deciding to file this action in this Court, there is no connection between Plaintiffs' claims and the Middle District of Florida.  While a Plaintiff's choice of forum is generally entitled to great weight in a court's consideration of whether to transfer venue, it is accorded lesser weight, where as here, there is no significant connection between the Plaintiff's chosen forum and the underlying claims.[11]  Thus, it will be less difficult for defendant "to meet the burden of showing sufficient inconvenience to tip the balance of convenience strongly in the defendant's favor."[12]

### B.     Convenience of Witnesses

Defendant contends that the convenience of the witnesses favors a transfer of venue to the Eastern District of California.  Defendant argues that the majority of the witnesses reside in California, and that there is only one potential witness located in Florida.

First, Defendant argues that seven of the eight fact witnesses who  "were involved in providing medical care and treatment to Plaintiff Gina Silong and Paige Elise Silong" and who may testify on behalf of Defendant, reside in California.[13]   In determining whether a particular venue is more convenient to witnesses, a court must look to the nature and quality of the witnesses' testimony with respect to the issues in

---

[11] See Bell v. K Mart Corp., 848 F.Supp. 996, 1000 (N.D. Ga. 1994); Windmere Corp. v. Remington Products, Inc., 617 F.Supp. 8, 10 (S.D. Fla. 1985).

[12] Hutchens v. Bill Heard Chevrolet Co., 928 F.Supp. 1089, 1091 (M.D. Ala. 1996)(quoting Prather v. Raymond Constr. Co., 570 F.Supp. 278, 284 (N.D. Ga. 1983)).

[13] These witnesses located in California include Dane V. Winkelman, M.D., Dorothea Day, L.V.N., Vera Laney, R.N., Gunlog Spaberg, C.N.M., Caroline Cadiente, L.N.V., Niela Limun, L.N.V., and Laura Anjola, R.N. Nicole Lee, M.D., now resides in Jacksonville, North Carolina. See Declaration of Stephen J. Meyer, ¶3 (Doc. 15, Exhibit A).

the case.[14]  While Defendant represents that the testimony of these eight witnesses "will be material and necessary", Defendant has not disclosed the full extent, nature and details of the knowledge of these witnesses.  Although these witnesses may have knowledge regarding the alleged medical malpractice, the need for testimony from all of these witnesses remains to be determined. And to the extent their knowledge is general, rather than specific, their testimony may simply be cumulative.

Even assuming, however, all of the government medical providers testified at trial, that fact is not sufficient to weigh in favor of transferring this action.  Defendant does not suggest that these witnesses would not be available for trial in the Middle District of Florida.  Moreover, the Court should generally assign little weight to the location of an employee-witness when weighing the convenience of witnesses.[15] Less consideration is given to the employee-witnesses because these witnesses are under the control of their employer and may be produced for trial without the necessity of subpoenas.[16]

Second, Defendant argues that Plaintiffs identified in their interrogatory responses a number of additional medical providers, including three from Valley Children's Hospital in Madera, California and several from Holloman Air Force Base Medical Facility.[17]  Defendant also notes that Plaintiffs identified a number of damages

---

[14] Chemical Waste Management, Inc. v. Sims, 870 F.Supp 870, 876 (N.D. Ill. 1994).

[15] Applied Web Systems, Inc. v. Catalytic Combustion Corp., 1991 WL 70893 at *5 (N.D. Ill. 1991).

[16] See id. Arguably, this principle is less applicable here, where the employer is the government. Even so, it would not change the Court's conclusion that the convenience of witnesses provides minimal support for transfer.

[17] See Affidavit of Stephen J. Meyer, ¶4.

witnesses, located in Florida, Indiana and California.[18]  As an initial matter, Defendant cannot rely on the inconvenience to Plaintiffs' witnesses on a motion for transfer of venue.[19]  Moreover, because these witnesses are located in several states (i.e., New Mexico, California, Florida and Indiana), the convenience of these witnesses weighs in neither party's favor and is a neutral factor.

Accordingly, at best, the convenience of witnesses provides minimal support for Defendant's request to transfer the case to the Eastern District of California.[20]

### C.  The Relative Ease of Access To Sources of Proof

Defendant argues that the records and documents relating to the medical malpractice claim are located at the Naval Hospital in Lemoore, California.  While this may be the case, there is no necessity to subpoena any of these documents because they are party documents and presumably will be produced in the normal course of discovery. Moreover, Courts have recognized that the location of records should be accorded little weight due to advances in copying technology and the ease of

---

[18] See id., ¶5.  These damages witnesses include Richard Silong's father, John Silong who reside in Merritt Island, Florida; Richard Silong's mother and stepfather who reside in Indiana; Gina Silong's parents (Keith and Edmee Hoyt) from Palmdale, California; and James and Patricia Slagle (plaintiffs' friends) from Hanford, California.  See id.

[19] See Sun Oil Co. V. Lederle, 199 F.2d 423, 424 (6th Cir. 1952).

[20] Defendant makes three additional arguments.  First, Defendant argues that it anticipates that some, if not all of its experts will be from California.   However, it is well-settled that the convenience of an expert witness is typically entitled to little, if any, weight. See Houston Trial Reports, Inc. v. LRP Publications, Inc., 85 F.Supp.2d 663, 669 (S.D. Tex. 1999).  Second, Defendant argues that a transfer to the Eastern District of California would not be burdensome to Plaintiffs' counsel, who is based in Texas. See Doc. 4, ¶10.  Even assuming that to be true, convenience of counsel is not a factor for consideration under §1404(a).  See  Applied Web Systems, Inc. v. Catalytic Combustion Corp., 1991 WL 70893 at *4 (N.D. Ill. 1991). Lastly, Defendant suggests that trial in the Eastern District of California would be more convenient for Plaintiffs, because New Mexico is closer to California than Florida.  See Doc. 15, page 8.  However, in this case, where the Plaintiffs do not live in California or Florida and the government can easily appear in either forum, the convenience of the parties weighs in neither party's favor and is a neutral factor.

transporting documents.[21]   Accordingly, this factor is not significant to alter the forum and does not provide support for Defendant's request to transfer the case to the Eastern District of California.

### D. Public Interests

However, notwithstanding the private interest factors, the Court finds that the public interests weigh heavily in favor of transferring venue to the Eastern District of California. As noted by the Supreme Court:[22]

> Factors of public interest also have a place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin.  Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.  In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home.

Other than Plaintiffs choice to file suit in this Court, there is no connection between the underlying claims and the Middle District of Florida. All of the medical treatment complained of occurred at Lemoore Naval Hospital in the Eastern District of California. The alleged medical negligence was committed by California doctors and nurses, seven of whom are still practicing in California.   There is no evidence suggesting that Paige Silong has ever received any medical care in the State of Florida.  Moreover, the

---

[21] See Mohamed v. Mazda Motor Corp., 90 F.Supp.2d 757, 778 (E.D. Tex. 2000)(noting that access to documents "has been given decreasing emphasis due to advances in copying technology and information storage."); Hollis v. Bo-Mac Contractors, Inc, 35 F.Supp.2d 536, 537-38 (S.D. Tex. 1999)(according location of records little weight in light of the ease of transporting documents); American Standard, Inc. v. The Bendix Corp., 487 F.Supp. 254, 264 (W.D. Mo. 1980)("[b]ecause usually many records, or copies thereof, are easily transported, their location is not entitled to great weight.").

[22] Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947).  In Gulf Oil, the Supreme Court considered the application of the doctrine of forum non conveniens.  While the Court's discretion is broader in applying §1404 that it is in applying the doctrine of forum non conveniens, the relevant factors to be considered by the Court are the same.  See Bell, 848 F.Supp. at 1000 n.4.

Plaintiffs do not live in the Middle District of Florida, nor have they at any time relevant to this lawsuit. That Plaintiffs own property in Mount Dora, Florida and intend to retire there in 2008, is simply not a sufficient reason to have this case decided in a forum so completely unrelated to the parties and their claims.[23]

Moreover, "there is an appropriateness . . . in having the trial . . . in a forum that is at home with the state law that must govern the case."[24]   Following a transfer under §1404(a) initiated by the Defendant, the transferee court must follow the choice-of-law rules that prevailed in the transferor court.[25]  As such, the Court in the Eastern District of California must apply Florida's choice-of-law rules to determine whether California or Florida law will govern this case.  In tort cases, Florida applies the significant relationship test of the Restatement (Second) of Conflict of Laws.[26]   Without performing an exhaustive choice-of-law analysis, it seems likely that California law will govern this case because the alleged medical malpractice occurred in California, and other than Plaintiffs' decision to file suit in this Court, there is no relationship between Plaintiffs' medical malpractice claim and the State of Florida.

As such, Defendant has established that plaintiffs' choice of forum is outweighed by the public interests discussed above and, therefore, this case should be transferred to the Eastern District of California.  Accordingly, Defendant's Motion For Change Of Venue (Doc. 15) is **GRANTED**.  The Clerk is directed to take all necessary actions to

---

[23] See e.g., Oakes v. Whitten, 685 F.Supp. 1228, 1229-30 (M.D. Fla. 1988).

[24] See Bell, 848 F.Supp. at 1000.

[25] See Van Dusen v. Barrack, 376 U.S. 612 (1964.)

[26] See Bishop v. Fla. Specialty Paint Co., 389 So.2d 999, 1000-01 (Fla. 1980).

transfer this case to the United States District Court for the Eastern District of California and after transfer to close this file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida on this 12th day of April, 2006.

*[signature]*
GARY R. JONES
United States Magistrate Judge

Copies to:
All Counsel